UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: IRVIN L. WILLIAMS                                    Case No. 05-38071
      LORETTA Y. WILLIAMS,

      Debtors.                                                     Chapter 13

Irvin L. Williams and
Loretta Y. Williams

      Plaintiffs,

v.                                                                                Adv. Pro. No. 06-03025

**Citifinancial Mortgage
Company, Inc., et al.,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

      Hearing was held on March 29, 2006, on defendant Citifinancial Mortgage Company, Inc.'s motion to dismiss Counts I, III and V (the rescission claims) of debtor's complaint and on defendant's motion for a more definite statement. Debtor's complaint objects to Citifinancial's proof of claim and seeks relief for alleged violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, et. seq, and the Home Ownership Protection Act, 15 U.S.C. §§ 1602(aa) and 1639. In response, Citifinancial claims counts I, III, and V of debtors' complaint failed to state a claim on which relief can be granted. The parties stated at hearing that the motion for a more definite statement had been settled. At the close of oral argument on defendant's motion to dismiss, the court took the matter under advisement and requested the parties to submit competing orders.

<u>Standard of Review.</u>

      Rule 12(b)(6) of the Federal Rules of Civil Procedure allows the court to dismiss a complaint for "failure to state a claim upon which relief can be granted . . . ." A motion to

1

dismiss should be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Illinois v. Telemarketing Assoc., Inc., 538 U.S. 600, 618, 123 S. Ct. 1829, 1839 (2003); Fed. R. Civ. P. 12(b)(6), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

In considering the motion, the court is testing the sufficiency of the pleadings and not deciding the merits of the case. For that reason it "may not consider any material other than the pleadings." Demas v. Demas (In re Demas), 150 B.R. 323, 326 (Bankr. S.D.N.Y. 1993). Further, all factual allegations will be presumed true and viewed in the light most favorable to the non-moving party. Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); Jacone v. Jacone (In re Jacone), 156 B.R. 740, 743 (Bankr. S.D.N.Y. 1993).

The movant bears the burden of proving that no claim has been stated in plaintiff's pleading. See In re Demas, 150 B.R. at 327. The complaint will fail to state a claim for relief "if the complaint does not adequately plead some theory upon which the plaintiff could recover." Watson & Brown, P.C. v. Mansel (In re Mansel), 2001 WL 832358 at *7 (Bankr. N.D. Ill. 2001).

Findings of Fact.

On January 30, 2006, plaintiffs filed this adversary proceeding to determine whether a security interest held by Citifinancial on their home was properly rescinded. Citifinancial currently has a security interest in plaintiffs' home through a Deed of Trust recorded on January 22, 2003.

On January 30, 2002, debtors Irvin L. Williams and his spouse, Loretta Y. Williams, borrowed $51,349.59 from Citifinancial. The interest on the loan was 12.25%. The loan was secured by a deed of trust on debtors' home. As a part of the transaction, debtors were required to pay an involuntary unemployment insurance premium of $1,333.59 and $876.00 in settlement

fees. Citifinancial did not include the cost of the involuntary insurance in the TILA disclosures provided debtors in connection with the 2002 loan.

On January 16, 2003, debtors borrowed $55,435.37 from Metro Center Mortgage, Inc. This loan, used to refinance the 2002 loan, was later assigned to Citifinancial. As a part of the 2003 refinance, Citifinancial released the security interest in the home held pursuant to the 2002 loan. According to the terms of the 2003 loan, however, Citifinancial currently holds a security interest in plaintiffs' home by a deed of trust recorded on January 22, 2003.

On January, 29, 2005, debtors sent notice of rescission to Citifinancial regarding the 2002 loan. On May 2, 2005, by counsel, debtors sent a letter seeking to exercise their right of rescission as to the 2003 loan. Citifinancial rejected both recissions. Citifinancial also refused to release the deed of trust on the residence and continued to seek payment on the loan.

On September 12, 2005, debtors filed for relief under chapter 13 of the Bankruptcy Code. Debtors did not provide for Citifinancial's claim in their proposed chapter 13 plan filed with the court November 8, 2005. On November 10, 2005, Citifinancial filed an Objection to Confirmation of Chapter 13 Plan and a Motion for Relief from Stay, asserting a secured claim against plaintiffs in the amount of $65,149.18. The Objection to Plan was sustained, and subsequently, debtors' modified plan proposed to treat the debt owed Citifinancial as an unsecured claim.[1]

On January 30, 2005, debtors filed a complaint objecting to Citifinancial's proof of claim and in addition sought affirmative relief on the ground that Citifinancial violated the Truth in Lending Act and the Home Ownership Protection Act. Specifically, the complaint alleged that Citifinancial violated Regulation Z and the terms of TILA in connection with both the 2002 and

---

[1] Citifinancial filed an objection to confirmation of debtors' modified plan March 24, 2006, and hearing has been continued to May 17, 2006.

3

2003 loans but violated the terms of HOEPA only in connection with the 2003 loan. The parties do not dispute that as a result of these violations debtors retained the right to rescind these transactions up to three years after their consummation on January 30, 2002, and January 16, 2003, respectively.

On March 3, 2006, Citifinancial filed a motion to dismiss counts I, III, and V of the complaint for failure to state a claim.

## Conclusions of Law.

When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all allegations of the complaint as true, construe the complaint in a light most favorable to the plaintiff and determine whether, under any reasonable reading of the complaint, the plaintiff might be entitled to relief. See Smith v. Richels (In re Richels), 163 B.R. 760 (Bankr. E.D. Va. 1994). In the present case, the parties do not dispute the facts, only the legal conclusions to be drawn from them.

As to Count I, which seeks a rescission of the 2002 loan, Citifinancial argues in its motion to dismiss that the complaint is deficient because it does not make conceptual sense to seek rescission of a loan that has been previously refinanced and paid in full. In response, plaintiffs argue that under the Truth in Lending Act, the consequence of rescission is not limited to the elimination of the security interest, but that rescission also cancels any liability for the borrower to pay finance and other charges of the loan.

While the Fourth Circuit has not spoken on the issue, the Ninth Circuit addressed similar facts in King v. State of California, 784 F.2d 910 (9th Cir. 1986). King held that when a loan has been refinanced and the underlying deed of trust has been superseded, a loan cannot be rescinded because there is nothing to rescind. Id. at 913. This court finds this reasoning persuasive. In

4

this case, plaintiffs refinanced the loan on January, 16, 2003, superseding the deed of trust underlying the 2002 loan, thus leaving nothing to rescind. As such, plaintiffs cannot rescind the 2002 loan.

In its motion to dismiss for failure to state a claim, Citifinancial seeks to dismiss Counts III and V, arguing that debtors failed to make a proper tender of the amounts borrowed from Citifinancial. Citifinancial argues further that tendering payment in the form of an unsecured claim in debtors' chapter 13 plan is insufficient as tender in exchange for the release of Citifinancial's deed of trust. Citifinancial reasons that debtors may default on the unsecured obligation, convert to a chapter 7, and discharge the unsecured obligation. In response, debtors argue that their right to rescind is not conditioned upon first tendering the proceeds borrowed back to the lender.

The Fourth Circuit has held that "when rescission is attempted under circumstances which would deprive a lender of its legal due, attempted rescission will not be judicially enforced unless it is so conditioned that lender will be assured of receiving its legal due." Powers v. Sims & Levin, 542 F.2d 1216, 1221 (4th Cir. 1976) (interpreting the Truth in Lending Act, § 125(b), 15 U.S.C. § 1635(b)). The court went on to state that when "exercising traditional equity powers, [a court] may condition the borrowers' continuing right of rescission upon their tender to the lender of all the funds spent by the lender in discharging the earlier indebtedness." Id. Therefore, while this court *may* order rescission of a lien without conditioning the rescission upon the return to the lender of all the funds spent by the lender in discharging the earlier indebtedness, such a decision would not be equitable because tender here of an unsecured claim in a chapter 13 bankruptcy case is not the functional equivalent of a tender of the loan proceeds. Accordingly,

5

**IT IS ORDERED** that defendant should submit an order withdrawing its motion for a more definite statement; and

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Count I of debtor's complaint is **GRANTED**; and

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Counts III and V of debtor's complaint is **GRANTED** without prejudice to debtors filing an amended complaint to attempt to state a claim for rescission of the 2003 loan in Counts III and V. Debtors are granted leave to file an amended complaint within 21 days of entry of this order.

Signed_____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

**Copies to:**

James W. Speer
Virginia Poverty Law Center
E. Franklin St., Suite 14T1
Richmond, VA 23219
*Counsel for Debtors in the Adversary Proceeding*

Brian F. Kenney
Miles & Stockbridge, P.C.
1751 Pinnacle Drive
Suite 500
McLean, VA 22102
*Counsel for Citifinancial Mortgage Company, Inc.*

Melvin R. Zimm
Glasser and Glasser, PLC
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510
*Counsel for Citifinancial Mortgage Company, Inc.*

Adam R. Nelson
Thompson & McMullan, P.C.
100 Shockoe Slip
Richmond, VA 23219-4140
*Counsel for Mortgage Trustee*

Deanna H. Hathaway
John Russell Bollinger
Patrick Thomas Keith
Boleman Law Firm, P.C.
P.O. Box 11588
Richmond, VA 23230-1588
*Counsel for Debtors*

Robert E. Hyman
P.O. Box 1780
Richmond, VA 23218-1780
*Chapter 13 Trustee*